UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN L. MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:24-cv-00074-SEB-KMB |
| SGT. FISH, et al., | ) ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff, Kevin Martin, an inmate serving a sentence in the Indiana Department of Correction ("IDOC") filed this action alleging that Defendants violated his Eighth Amendment constitutional rights while he was incarcerated at Pendleton Correctional Facility ("Pendleton"). Defendant Sgt. Fish has moved for summary judgment arguing that he was not deliberately indifferent when he relied upon medical staff's judgment to clear Mr. Martin. Dkt. [99]. Nurse Agboola has also filed for summary judgment arguing that he was not deliberately indifferent to Mr. Martin's medical needs. Dkt. [96]. The Court agrees. For the reasons below, those motions are **GRANTED.**

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because

1

those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Martin and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

### A. The Parties

Mr. Martin was an inmate at Pendleton. Dkt.100-1 at 17.

During the time in question, Nurse Agboola was a licensed registered nurse at Pendleton. Dkt. 96-2 at 1.

During the time in question, Lieutenant Jacob Fish was a Correctional Sergeant employed by IDOC at Pendleton. Ex. B at ¶ 2.

### B. Factual Allegations

On July 6, 2022, Mr. Martin was housed in restrictive housing in G-Cellblock in a single person cell. Dkt. 96-3 at 12, 83. He testified that it was hot all night and he did not have access to a fan. *Id*. at 17-19. At some point in the middle of the night, Mr. Martin woke up and felt hot and dizzy. *Id.* at 20-22. He stood up to get out of bed, and Mr. Martin alleged that he fell and hit his head. *Id.* at 70, 73-74. Mr. Martin did not clearly testify as to what part of his head was injured. Dkt. 97 at 3. No one else saw Mr. Martin fall. Dkt. 100-1 at 34.

Sgt. Fish testified in his interrogatory responses that he and Nurse Agboola entered Mr. Martin's cell on the night of July 6, 2022. Dkt. 96-5 at 2. Mr. Martin testified that he only recalls someone placing handcuffs on him while he was on the floor. Dkt. 96-3 at 43. In the unit log book, Sgt. Fish noted that he believed Mr. Martin was not actually unresponsive but was "playing unresponsive." Dkt. 96-6.

Nurse Agboola assessed Mr. Martin and determined that he was cleared. Dkt. 96-5 at 4. Nurse Agboola testified that his assessment would have included speaking to Mr. Martin and checking his breathing, pulse, mental status and overall physical condition. Dkt. 96-2 at 4. Nurse Agboola testified that in his opinion, Mr. Martin did not have a head injury that required medical attention because not every head injury requires medical attention; he would have provided care or made arrangements for care for Mr. Martin if he saw evidence of a serious head injury; and he would not have "cleared" Mr. Martin if he had evidence of a serious head injury. *Id.*

Nurse Agboola testified that he did not believe Mr. Martin had a heat stroke and he did not believe Mr. Martin had any evidence of a head injury or a head injury requiring medical attention. *Id.* at 5. Nurse Agboola further testified that his assessment of Mr. Martin did not reveal any evidence of a serious medical need on July 6, 2022. *Id.*

Mr. Martin got up off the floor after Sgt. Fish and Nurse Agboola left his cell. Dkt. 100-3 at 58. Mr. Martin does not allege that Nurse Agboola had any involvement in his care after the events of July 6, 2022. Dkt. 96-1.

Mr. Martin testified at his deposition that he never sought or received any medical treatment for anything related to the injuries he is claiming from July 6, 2022. Dkt. 96-3 at 60, 78-79. He never received stitches, and his head healed on its own. *Id.* at 60. He received medical care on numerous occasions after the incident and was never found to be suffering from a head injury or heat stroke. Dkt. 96-2.

### III.
### Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

The Court assumes for purposes of the summary judgment motion that Mr. Martin's head injury was objectively serious. To avoid summary judgment, then, the record must allow a reasonable jury to conclude that Sgt. Fish and Nurse Agboola acted with deliberate indifference—

that is, that they "consciously disregarded a serious risk to Mr. Martin's health." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (cleaned up).

### A. Sgt Fish

In the deliberate indifference context, nonmedical correctional staff are generally entitled to rely on the judgment of medical personnel when confronted with a prisoner with a medical condition. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Staff may be found to be deliberately indifferent "if they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotation marks omitted). But because correctional staff "must discriminate between serious risks of harm and feigned or imagined ones, which is not an easy task," the Court does not require them to be "credulous" in response to an individual's complaints. *Zemlick v. Burkhart*, No. 24-2799, 2026 WL 172617, at *4 (7th Cir. Jan. 22, 2026) (quoting *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004))

Here, the record reflects that Lt. Fish responded to Mr. Martin's fall and relied on the judgment of medical professionals. Mr. Martin testified that he did not speak with Lt. Fish during the events giving rise to his allegations, so Lt. Fish had to rely solely on medical professionals to determine the best course of action. Dkt. 100-1 at 44. After medical staff cleared Mr. Martin, there is no evidence to suggest that Lt. Fish should have known that Mr. Martin lacked any required medical care moving forward, and the record reflects that he did not. Mr. Martin seems to argue that Sgt. Fish did not follow IDOC policy because he failed to sign a visitor's log when entering his cell, and that in itself presents a dispute of material fact as to whether he came to the cell at all or "left him to die." Dkt. 108 at 2. But Sgt. Fish's alleged failure to follow IDOC policy, rules, and procedures does not, in and of itself, violate the Constitution. *Estate of Simpson v. Gorbett*, 863

5

F.3d 740, 746 (7th Cir. 2017) ("Section 1983 protects against constitutional violations, not violations of . . . departmental regulation and . . . practices[.]") (internal quotation omitted). And the record reflects that Mr. Martin did receive medical care from the nurse.

Accordingly, no reasonable juror could find that Sgt. Fish was deliberately indifferent to Mr. Martin's serious medical needs.

### B. Nurse Agboola

Deliberate indifference requires more than negligence or even objective recklessness. *Id*. Rather, Mr. Martin "must provide evidence that an official actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016).

"Of course, medical professionals rarely admit that they deliberately opted against the best course of treatment. So in many cases, deliberate indifference must be inferred from the propriety of their actions." *Dean*, 18 F.4th at 241 (internal citations omitted).

The Seventh Circuit has held that deliberate indifference occurs when the defendant:

- renders a treatment decision that departs so substantially "'from accepted professional judgment, practice, or standards as to demonstrate that'" it is not based on judgment at all. *Petties*, 836 F.3d at 729 (quoting *Cole v. Fromm*, 94 F.3d 254, 260 (7th Cir. 1996)).

- refuses "to take instructions from a specialist." *Id.*

- persists "in a course of treatment known to be ineffective." *Id.* at 729–30.

- chooses "an 'easier and less efficacious treatment' without exercising professional judgment." *Id.* at 730 (quoting *Estelle*, 429 U.S. at 104 n.10).

- effects "an inexplicable delay in treatment which serves no penological interest." *Id.*

Here, there is no evidence that Nurse Agboola's treatment departed so substantially from professional judgment that it would rise to the level of deliberate indifference. The record reflects that Nurse Agboola assessed Mr. Martin and found that he was cleared based on his medical

6

judgment. In the nurse's opinion, Nurse Agboola testified that he would not have "cleared" Mr. Martin if he had evidence of a serious head injury.

Further, Mr. Martin testified himself has no memory of any interactions with Nurse Agboola and Sgt. Fish on July 6, 2022, so he cannot now refute the thoroughness of the nurse's assessment. Dkt. 96- 3 at 30, 78; 96-4 at 44-46, 76, 78. Further, Mr. Martin testified at his deposition that he never sought or received any medical treatment for anything related to the injuries he is claiming from July 6, 2022. Dkt. 96-3 at 60, 78-79.  Mr. Martin alleges that because Sgt. Agboola did not create a report, this creates a dispute of material fact that proves deliberate indifference. Dkt. 108 at 5. However, as stated previously, failure to follow medical policy does not itself prove a constitutional violation. *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (non movant receives the "benefit of reasonable inferences from the evidence, but not speculative inferences in his favor" (cleaned up)). Mr. Martin has produced no evidence to refute Nurse Agboola's testimony. Accordingly, summary judgment must be granted as to this clam. [1]

## IV.
## Conclusion

Mr. Martin's motion to clarify, dkt. [126], is **granted** to the extent that this order updates Mr. Martin as to the status of this case.

Sherriff Agboola's motion for summary judgment is **GRANTED**. Dkt. [96].

Sgt. Fish's motion for summary judgment is **GRANTED**. Dkt. [99].

Final judgment will issue in a separate entry.

**IT IS SO ORDERED.**

Date: 3/2/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Because the Court finds that neither Sgt. Fish nor Nurse Agboola violated Mr. Martin's Eighth Amendment rights on the merits, the Court need not explore the defendants' arguments related to qualified immunity.

Distribution:

KEVIN L. MARTIN
169789
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

All Electronically Registered Counsel